UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO.

DOMITILA TERRAZAS,

    Plaintiff,

v.

CRUISE OPERATOR, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, DOMITILA TERRAZAS, is a citizen and resident of the state of Florida.

2. Defendant, CRUISE OPERATOR, INC., (hereinafter referred to as "CRUISE OPERATOR"), is a for profit corporation with its headquarters, principle address and principle place of business at c/o Grand Holiday Cruise Line, LLC., 1 East 11th street, Suite 200, Riviera Beach, Florida, 33404.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Defendant unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in*

*this federal district and division,* as opposed to any other place in the world.

5. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

6. The Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and the laws of the state of Florida.

8. Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Grand Celebration*.

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Grand Celebration*.

10. At all times material hereto, Defendant had exclusive custody and control of the vessel and the vessel was in navigable waters.

## COUNT I - NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material, Plaintiff was a paying passenger and lawfully aboard the vessel *Grand Celebration*.

12. At all times material, Defendant owed the Plaintiff a non-delegable duty to exercise reasonable care under the circumstances. The Defendant's duty encompassed and included the duty to maintain and operate the *Grand Celebration* in a reasonable and safe manner, to keep the floor surfaces free from wet, slippery, hazardous and dangerous conditions which could cause injury to its passengers, and to warn of and remedy dangerous conditions which it created, knew or should have known about in the exercise of reasonable care.

13. Alternatively, at all material times, Defendant CRUISE OPERATOR and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

14. On or about September 3, 2016, the Plaintiff, the Plaintiff was severely injured when she slipped and fell on a wet, slippery and/or hazardous flooring surface while walking on an open deck.

15. The wet, slippery and/or hazardous flooring surface was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition. There was nothing she could have done to have prevented her incident.

16. These conditions were either created by Defendant and its employees or had been in place for a sufficient period of time so that the Defendant knew or should have known about them through the exercise of reasonable care.

17. On or about September 3, 2016, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

18. On or about September 3, 2016, the Plaintiff was injured, due to the fault and/or negligence of Defendant and/or its agents, servants, joint ventures and/or employees as follows:

   a. Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstance;

   b. Failure to provide reasonably safe place to walk;

   c. Failure to maintain the area where Plaintiff's incident occurred in a reasonably safe condition;

   d. Failure to maintain the area where Plaintiff's incident occurred free from unreasonable slipping hazard(s);

   e. Failure to provide adequate lighting;

   f. Failure to provide a floor with adequate slip resistance;

   g. Failure to adequately inspect the area where Plaintiff's incident occurred for slipping/tripping hazards;

   h. Failure to identify and correct dangerous and/or hazardous condition(s) which caused Plaintiff to slip/trip and fall;

   i. Failure to warn its passengers, such as the Plaintiff, of the dangerous and/or hazardous condition(s) posed to her;

   j. Failure to mark and/or highlight the hazardous and/or dangerous condition(s) which caused Plaintiff to suffer her incident;

   k. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her incident;

   l. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to prevent slip/trip and fall incidents from occurring aboard Defendant's cruise ships, including but not limited to: *Grand Celebration*;

   m. Failure to close off access to the area where Plaintiff suffered her incident until the dangerous and/or hazardous condition(s) which caused Plaintiff's incident was corrected, modified, and/or eliminated, and/or;

   n. Failure to properly train and instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous condition(s);

    o. Failing to comply with industry standards and Defendant's standards for the appropriate slip resistance and/or coefficient of friction for the public flooring aboard vessels;

    p. Failure to warn the Plaintiff of the risks of using the type of footwear she was wearing onboard the *Grand Celebration*;

    q. Failure to utilize adequately safe flooring surface in light of the anticipated purpose of the deck;

    r. Failure to have adequate non-slip or non-skid flooring surface on or around the subject area;

    s. Failure to place rubber mats or other non-slip coverings or substance on or around the subject area;

    t. Failure to adequately test the coefficient of friction and slip resistance of the subject area surface before opening up to passengers and the Plaintiff;

    u. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured when she fell on the subject flooring; and/or

    v. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

19. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff slipping and falling on a wet, slippery and/or hazardous flooring surface near the coffee buffet station on the Lido deck.

20. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

21. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, including but not limited to, a displaced fracture of the left ankle, suffered

physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

WHEREFORE**,** the Plaintiff TERRAZAS, demands judgment against Defendant CRUISE OPERATOR for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and demands trial by jury of all issues so triable under the provisions of Fed. R. Civ. P.39 and the stipulations contained in *Leslie v. Carnival Corp.*, 22 So.2d 561 (Fla. 3d DCA 2008), as well as any further relief as this Court deems just and appropriate.

Dated: _____

*Respectfully submitted,*

      Lipcon, Margulies, Alsina & Winkleman, P.A.
      One Biscayne Tower, Suite 1776
      2 South Biscayne Boulevard
      Miami, Florida 33131
      Telephone: (305) 373-3016
      Facsimile: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
      MICHAEL A. WINKLEMAN
      FLORIDA BAR NO.: 36719
      mwinkleman@lipcon.com
      CAROL L. FINKLEHOFFE
      FLORIDA BAR NO.: 0015903
      cfinklehoffe@lipcon.com